IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY EASTER                                                       PLAINTIFF

v.                              CIVIL NO. 06-2159

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff Kimberly Easter brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on December 1, 2003, alleging an inability to work since November 1, 2003, due to fibromyalgia, an anxiety disorder, panic attacks, anemia and bilateral carpel tunnel syndrome. (Tr. 58-60). An administrative hearing was held on April 14, 2005. (Tr. 540-568). A supplemental hearing was held on February 23, 2006. (Tr. 569-581). Plaintiff was present and represented by counsel at both hearings.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated April 19, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 17). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform light work but could only frequently grasp, occasionally finger and never perform rapid repetitive wrist action. (Tr. 17). From a mental standpoint, the ALJ found plaintiff could perform work not precluded by the following: a more than satisfactory ability to follow work rules and understand, remember and carry out simple instructions; a limited but satisfactory ability to use judgment, function independently, maintain attention and concentration, understand, remember and carry out detailed instructions and maintain personal appearance; and a seriously limited but not precluded ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stressors, behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability. (Tr. 17). With the help of a vocational expert, the ALJ found plaintiff could perform other work as a motel maid. (Tr. 16, 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on August 25, 2006. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file appeal briefs; however, only defendant chose to do so. (Doc. # 17). This case is before the undersigned pursuant to the consent of the parties. (Doc. # 4).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

## Discussion:

We would first like to address the ALJ"s finding that plaintiff could perform other work as a motel maid. The ALJ states that he relied upon Dr. Patricia J. Walz's consultative evaluation findings dated July 6, 2005, when making his mental RFC determination. (Tr. 17, 488). Dr. Walz also completed a Medical Assessment of Ability to do Work-Related Activities (Mental) on July 6, 2005. (Tr. 494). In this assessment, Dr. Walz found plaintiff has a fair[2] ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, understand remember and carry out complex job instructions, behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability. When this assessment was addressed at the hearing in February of 2006, the vocational expert testified that the hypothetical individual with the above listed limitations would not be able to perform even

---

[2] A fair ability is defined as the "ability to function in this area is seriously limited but not precluded." (Tr. 494).

unskilled work. (Tr. 579-580). Since the ALJ found plaintiff was unable to return to her past relevant work, the burden shifted to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995). After reviewing the hearing transcript there is some question regarding what definition the vocational expert used when answering plaintiff's counsel's hypothetical questions and we believe remand is necessary so that the ALJ can specifically address this testimony and how his finding that plaintiff can perform work as a motel maid is supported by substantial evidence.

      We are also concerned with the ALJ's findings regarding plaintiff's physical RFC. The record clearly establishes plaintiff has been diagnosed with fibromyalgia and has continued to seek treatment for this impairment. Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We point out that the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

We believe remand is further warranted so that the ALJ can more fully and fairly develop the record with regard to plaintiff's physical RFC. On remand the ALJ is also directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff – including, Dr. Richard K. Robinson-- asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's RFC is necessary, the ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter

AO72A
(Rev. 8/82)

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of October 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)